IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Michael Wilcox,<br><br>           Plaintiff,<br><br>v.<br><br>Patricia Ann Kennedy;<br>Berk[e]ley County Public<br>Defender[']s Office, | Civil Action No. 2:11-3455-SB<br><br>**ORDER** |



      This matter is before the Court upon Plaintiff Vernon Wilcox's pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, the Plaintiff alleges that he was incarcerated on July 18, 2010, and that the Defendants have violated his Sixth Amendment right to a speedy trial and his Fourteenth Amendment right to due process of law. Specifically, the Plaintiff claims that Defendant Kennedy failed to file a speedy trial motion in his state-court criminal case, despite the Plaintiff having requested at least ten times since September 15, 2010, that Kennedy file such a motion. The Plaintiff seeks $5,000,000.00 from the Berkeley County Public Defender's Office and $500,000.00 from Kennedy.

      The record contains a report and recommendation ("R & R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. §636(b)(1)(B) and the Local Civil Rules for this District. In the R&R, which was filed on January 4, 2012, Magistrate Judge Bristow Marchant recommends that this Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process. Specifically, the Magistrate Judge recommended that the Court dismiss the Plaintiff's complaint because Defendants Kennedy and the Berkeley County Public Defender's Office were not acting

"under color of state law" during Kennedy's representation of the Plaintiff, as required to state a claim under 42 U.S.C. § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Attached to the R&R was a notice advising the Plaintiff of his right to file written objections to the R&R within fourteen days of being served with a copy of that report. See 28 U.S.C. § 636(b)(1). On January 17, 2012, the Plaintiff filed objections to the R&R as well as a "motion to amend relief."

In his objections, the Plaintiff disagrees with the Magistrate Judge's recommendation and asserts that the Defendants did act "under the color of state law." And in his motion to amend, the Plaintiff requests that the Court recommend that Kennedy be relieved as counsel in his criminal case, and he asks that all evidence, statements, and correspondence be turned over to him.

Ultimately, after review, the Court agrees with the Magistrate Judge that the Plaintiff's complaint should be dismissed without prejudice and without issuance and service of process for failure to state a claim. As the Magistrate Judge noted, to state a claim pursuant to section 1983, a plaintiff must allege 1) the violation of a constitutional right 2) by a person acting under color of state law. Here, the Plaintiff's complaint does not allege that the Defendants engaged in some sort of conspiracy, and the Court agrees with the Magistrate Judge that Kennedy was not acting under color of state law when performing the functions related to her representation of the Plaintiff. Moreover, with respect to the Plaintiff's motion to amend relief, the Court notes that it simply does not have the authority to recommend to the state court that Kennedy be relieved as the Plaintiff's

counsel and that all records be turned over to him.

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 9) is adopted and incorporated; the Plaintiff's objections (Entry 11) are overruled; the Plaintiff's motion to amend (Entry 12) is denied; and the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process for failure to state a claim.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

February 15, 2012
Charleston, South Carolina

#3